20-1792
Singh-Khashre v. Garland

BIA
Thompson, IJ
A206 899 415

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-two.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

MANJEET SINGH-KHASHRE, AKA
MANJEET SINGH KHASHRE,
> *Petitioner*,

v.                                          20-1792
                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Nataliya I. Gavlin, Esq., Gavlin
                         & Associates, P.C., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant

Attorney General; Anthony P. Nicastro, Assistant Director; Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manjeet Singh-Khashre, a native and citizen of India, seeks review of a May 14, 2020, decision of the BIA affirming a July 25, 2018, decision of an Immigration Judge ("IJ") denying Singh-Khashre's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manjeet Singh-Khashre*, No. A206 899 415 (B.I.A. May 14, 2020), *aff'g* No. A206 899 415 (Immig. Ct. N.Y. City July 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the decision of the IJ as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh-Khashre was not credible as to his claim that members of the Congress Party attacked and threatened him in India on account of his membership in the Shiromani Akali Dal (Amritsar) Party, or Mann Party.

The IJ reasonably found that Singh-Khashre was not responsive when questioned about whether he was physically attacked or harmed in August 2014. *See* 8 U.S.C.

3

§ 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). That finding and the adverse credibility determination as a whole are further supported by inconsistencies in the record regarding what transpired during the three alleged incidents when Singh-Khashre was attacked or threatened, who attacked him, who accompanied him to report an attack to police, and how he obtained the evidence he submitted to corroborate his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Singh-Khashre did not compellingly explain these inconsistencies. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must

4

demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency also reasonably found Singh-Khashre's credibility impugned by his submission of affidavits allegedly prepared by his wife, relative, village official, and neighbor that contained strikingly similar language. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are canned." (internal quotation marks omitted)).

Having questioned Singh-Khashre's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence despite a continuance to obtain such evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to credit new affidavits that either contradicted earlier affidavits submitted by the affiants or

conflicted with Singh-Khashre's testimony, and a medical certificate that contained internal inconsistencies. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an [applicant's] documentary evidence.").

Given the demeanor, inconsistency, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```

6